IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO.74,912






MARCUS DRUERY, Appellant


v.


THE STATE OF TEXAS





ON DIRECT APPEAL

FROM BRAZOS COUNTY






Keller, P.J., filed a concurring opinion.


1. Accomplice testimony


 Appellant raises various claims based on the notion that Pitts and Harris were accomplices. 
The trial judge instructed the jurors to determine whether Pitts and Harris were accomplices as a
matter of fact but refused to submit an instruction describing these witnesses as accomplices as a
matter of law. In points of error one through three, appellant claims that the evidence was
insufficient to show that the testimony of these alleged accomplices was corroborated. In points of
error four and five, he claims that the trial judge erred in refusing to instruct the jury that Pitts and
Harris were accomplices as a matter of law. In points of error six and seven, he contends that the
accomplice witness instructions that were submitted were defective. And in points of error eight and
nine, he contends that the instructions submitted constituted comments on the weight of the
evidence.

 The Court's holding with regard to these points seems to be that the evidence was insufficient
to support a finding that Pitts and Harris were accomplices as a matter of fact because they were not
linked to the crime by any direct testimony or physical evidence. But testimony indirectly linking
a person to a crime may be sufficient if enough "linking" factors are present. In Medina v. State, we
held that the following factors indirectly linking one of the witnesses to the crime were sufficient to
support a finding that he was an accomplice as a matter of fact: (1) the witness's presence at the
scene when the crime occurred, (2) the gang-motivated nature of the crime, (3) the witness's
membership in the gang, and (4) the witness's efforts to cover up the crime. (1) We acknowledged that
the issue was "close" and found that the evidence was not sufficient to raise accomplice status as to
two other individuals because one of these four factors was missing for each of them. (2) 

 While gang membership and motivation were not at issue in this case, there were other
factors linking Pitts and Harris to the crime as accomplices. Both Pitts and Harris were connected
to the crime in the following ways: (1) they were present at the scene when the crime occurred, (2)
they were informed of appellant's intent to commit the crime before the crime occurred, (3) they
were each given some of the proceeds of the crime (money stolen from the victim), and (4) they were
present with appellant during appellant's efforts to cover up the crime. With respect to Harris, there
was also evidence that he actually assisted appellant's efforts to cover up the crime by (1) helping
appellant obtain the gasoline used to set the victim's body on fire and (2) helping appellant dispose
of the murder weapon. Pitts and Harris offered exculpatory explanations for some of these factors. 
There was testimony that they did not believe appellant when he told them that he was going to
murder Druery, (3) that the money was given to them just to calm them down, and that they stayed with
appellant during his efforts to cover up the crime because they were afraid of him. But the jury did
not have to believe these exculpatory explanations. The only exculpatory fact the jury had to believe
was that Pitts went to the police on her own and revealed what appellant had done. I think that, at
the least, the evidence was sufficient to submit Harris's accomplice status to the jury. But for several
reasons, we need not - and I believe should not - address whether the evidence raised the issue of
whether Pitts and Harris were accomplices as a matter of fact.

 First, as the Court concludes, it is absolutely clear that appellant was not entitled to an
accomplice "as a matter of law" instruction. While there was evidence from which a jury could
rationally determine that Harris (and possibly Pitts) was an accomplice, there also existed plenty of
evidence from which the jury could conclude that Harris and Pitts were not accomplices. That alone
defeats appellant's sufficiency of the evidence claim, advanced in points of error one through three. 
If accomplice status was, at best, a fact question for the jury, then the jury was free to decide that the
witnesses were not accomplices, and thus, their testimony did not have to be corroborated. 

 In any event, their testimony was corroborated. Appellant does not challenge the sufficiency
of the evidence to show the murder, and indeed, such a challenge would be laughable. He confessed
to the murder to four friends and acquaintances: Chasiti Hall, Angela Minor, LaKeisha Green, and
Charles Kennard. The victim's body was recovered on Druery property from a stock tank. But
corroborating evidence was also present for the underlying offense of robbery (obviating any need
to discuss appellant's contention that we should reconsider cases holding that the underlying offense
need not be corroborated). Non-accomplice evidence showed appellant to be in possession, after the
murder, of two items of the victim's property: a gun (the murder weapon) and a cell phone. 
Charlinda Thomas and Laquita McGowan testified they knew the victim carried a gun, and Ebony
Williams testified that she helped the victim purchase a gun. Appellant displayed the murder weapon
to both Hall and Kennard after the murder, and he told Minor that he committed the murder with the
victim's gun. Kennard also saw appellant with the victim's cell phone. 

 The fact that Pitts and Harris were not accomplices as a matter of law also defeats appellant's
fourth and fifth points because it means that the trial court did not err in refusing to submit an
accomplice "as a matter of law" instruction. Although appellant claims in points six through nine
that the instructions given were improper and commented on the weight of the evidence, to a large
extent those claims turn upon the legitimacy of submitting any accomplice "as a matter of fact"
instruction. One of appellant's major claims under points six and seven is that all accomplice "as
a matter of fact" instructions are inadequate because juries can only understand and apply accomplice
"as a matter of law" instructions and appellate review can be adequate only when the jury is called
upon merely to determine whether accomplice testimony is corroborated. His "comment on the
weight of the evidence" claim advanced in points eight and nine amounts to a claim that "as a matter
of fact" instructions always constitute comments on the weight of the evidence because, in his view,
the accomplice witness statute authorizes only "as a matter of law" instructions. 

 These claims are an attempt to force a square peg into a round hole by insisting that the jury
must be charged on Pitts and Harris as accomplices as a matter of law when the evidence does not
in fact establish their accomplice status as a matter of law. With regard to the specifics of the
contention made in points of error six and seven, I observe that an inquiry into accomplice status is
essentially the same as an inquiry into determining whether a defendant is guilty under the law of
parties. The latter inquiry is trusted to jurors all the time. Appellant argues that he is denied
appellate review because no special issue regarding accomplice "as a matter of law" versus "as a
matter of fact" was submitted. But most issues in a criminal case - including, for example, the law
of parties - are not submitted separately. We have long held that a general verdict is proper. (4) As
for appellant's contention regarding a comment on the weight of the evidence, I see nothing in the
relevant statutes that limits accomplice witness instructions to the accomplice "as a matter of law"
variety. (5) And it is not a comment on the weight of the evidence to charge the jury with determining
whether the witnesses are accomplices as a matter of fact when the evidence at trial raises a fact issue
on that score. 

 Points of error six and seven also allege specific errors (of omission) in the instructions
given: (1) the trial judge did not instruct the jury that, if they found the witnesses to be accomplices,
their testimony must be excluded before examining the remainder of the evidence for corroboration,
(2) the trial judge did not instruct the jury that one accomplice cannot corroborate another
accomplice, (3) the jury was not required to find corroboration on all of the elements of the offense
(e.g. the underlying offense), and (4) the "mere presence" part of the accomplice witness instruction
was defective because it did not clearly provide that appellant's mere presence was not sufficient
to connect him to the offense. Appellant concedes that he did not object on these grounds; therefore,
he must show egregious harm. (6) Given that the accomplice witness instruction in this case tracked
the language of the statute and included some supplemental language beneficial to appellant, and that
there was significant non-accomplice evidence as to both the murder and the robbery, I conclude that
appellant did not suffer egregious harm from the claimed omissions. 

2. Lesser-included offense instruction


 In point of error fourteen, appellant contends that the trial court erred in failing to submit an
instruction on the lesser-included offense of murder. In rejecting this claim, the Court holds that
appellant is estopped by his own affirmative conduct, but I would reject appellant's claim on a
narrower basis. While defense counsel did expressly agree with the trial court that he was not
requesting a lesser-included offense, I would say that he waived the claim rather than that he is
estopped from advancing the claim. I would not say, as the Court does, that his agreement with the
trial court's statement amounts to having induced the error of which he complains or that it amounts
to a specific request that the instruction not be submitted. It is enough to say that a lesser-included
offense instruction is a kind of defensive issue (7) that does not become law applicable to the case if
appellant fails to request it. (8)

 With these comments, I concur in the Court's judgment with respect to points of error one
through nine and point of error fourteen, and I otherwise join the Court's opinion.

Date filed: April 4, 2007

Publish
1. 7 S.W.3d 633, 642 (Tex. Crim. App. 1999).
2. Id.
3. Pitts's claim that she reminded appellant of his two-year-old son could viewed as an
attempt to discourage the commission of the offense.
4. Isaacs v. State, 36 Tex. Crim. 505, 528, 38 S.W. 40, 40 (1896)(verdict can be general as
to whether a defendant is a principal or an accomplice); Bailey v. State, 532 S.W.2d 316, 322-323 (Tex. Crim. App. 1975)(different manner and means of committing murder); Herrin v. State,
125 S.W.3d 436, 441 (Tex. Crim. App. 2002)(underlying offenses in a capital murder case).
5. See Tex. Code Crim. Proc., Arts. 38.14, 38.17.
6. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).
7. See Bufkin v. State, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006).
8. Posey v. State, 966 S.W.2d 57, 61-64 (Tex. Crim. App. 1998).